UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JEFFREY THEO KLING,<br><br>Plaintiff,<br>v.<br><br>AMERICAN TRANSPORT, INC., a foreign corporation, et al.,<br><br>Defendants. | Case No. 3:14-cv-00107-MMD-WGC<br><br>ORDER |

## I. INTRODUCTION

This case comes before this Court through Defendants American Transport, Inc., Randy Allen Romo and Force Transport, LLC's Petition for Removal. (Dkt. no. 5.) Plaintiff Jeffrey Theo Kling filed this action in the Second Judicial District Court in Washoe County, Nevada, after an alleged collision with a truck being operated by Romo, an employee of American Transport, Inc. Plaintiff asserts claims of negligence and negligence per se.

Defendants removed this action on the basis of 28 U.S.C. § 1332. On February 25, 2014, the Court ordered Defendants to show cause as to why this case should not be remanded for lack of subject matter jurisdiction. (Dkt. no. 10.) Defendants responded on March 7, 2014. (Dkt. no. 12.) In their response, Defendants represented that Plaintiff served a demand letter seeking damages in excess of $100,000. (*See* dkt. no. 12 at 3.) Plaintiff did not contest this assertion in his response to Defendants' response to the

Court's order to show cause. Accordingly, the Court determined, based on the parties' responses, that it could continue to preside over this case. (Dkt. no. 10.)

Plaintiff filed an Opposition to Defendants' Petition for Removal. (Dkt. no. 11.) It was stricken as procedurally improper and Plaintiff was permitted to file a separate motion to remand this case to state court. (Dkt. no. 10.) Plaintiff so filed a motion to remand ("Motion") (dkt. no. 15), Defendants filed an opposition (dkt. no. 16) and Plaintiff filed a reply (dkt. no. 17.) Plaintiff's Motion is granted.

## II.     LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). However, courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction *must* be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (emphasis added). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

To establish subject matter jurisdiction pursuant to diversity of citizenship, the party asserting jurisdiction must show: (1) complete diversity of citizenship among opposing parties and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). Where a defendant removes a plaintiff's state action on the basis of diversity jurisdiction, the defendant must either: (1) demonstrate that it is facially evident from the plaintiff's complaint that the plaintiff seeks in excess of $75,000, or (2) prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional limit. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115 (9th Cir. 2004). In considering what evidence may be considered under (2) above, the Ninth Circuit has adopted the "practice of considering facts presented in the removal petition as well as any 'summary-

judgment[sic]-type evidence relevant to the amount in controversy at the time of removal.'" *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (*quoting Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).

For jurisdictional purposes, the amount in controversy is determined by the amount at stake in the underlying litigation. *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005). In determining the amount in controversy, a district court may consider the amount of compensatory and punitive damages recoverable based on plaintiff's complaint as well as attorney fees, but may not consider interest and cost of suit. *Meisel v. Allstate Indem. Co.*, 357 F. Supp. 2d 1222, 1225 (*citing Hunt v. Wash. State Apple. Adver. Comm'n*, 432 U.S. 333, 347–48 (1977)).

### III.  DISCUSSION

Plaintiff argues that Defendants' assertion regarding Plaintiff's initial settlement demand of $100,000 is "unsupported by any evidence." (Dkt. no. 15 at 9.) It is Defendants' burden to overcome a "strong presumption" against removal jurisdiction. *See Gaus*, 980 F.2d at 567. Although Plaintiff does not argue that Defendants' assertion regarding Plaintiff's initial settlement demand is inaccurate, ultimately it is Defendants' responsibility to demonstrate, by a preponderance of evidence, that the amount in controversy is met. Defendants fail to present the Court with any summary-judgment-type evidence, such as a sworn declaration or copy of the demand letter, that would allow it to find that Defendants did receive an initial settlement demand of $100,000 and that the amount in controversy requirement is thus satisfied.

Defendants are correct that Plaintiff may not reduce the amount in controversy in order to defeat jurisdiction after removal. (Dkt. no. 16 at 4.); *see St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938); *Hill v. Blind Indus. and Serv. Of Md.*, 179 F.3d 754, 757 (9th Cir. 1999). The issue here, however, is not that Plaintiff reduced its settlement demand, but that Defendants have not provided sufficient evidence that the amount in controversy was met at the time of removal. The Court must

be provided with the tools necessary to evaluate whether Defendants have met their burden, and must do so as part of its continual duty to establish its own jurisdiction. *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). Based on the record before it, the Court holds that it does not have jurisdiction to hear these claims.

### IV. CONCLUSION

It is hereby ordered that this case be remanded consistent with this opinion. The Clerk shall close this case.

DATED THIS 30th day of April 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE